UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 1:19-cv-20544

LARRY KLAYMAN,

    Plaintiff,

v.

THOMAS FITTON,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Thomas J. Fitton ("Fitton"), by counsel and pursuant to Rule 12(b)(2), moves this Court to dismiss the Complaint filed by Plaintiff Larry Klayman ("Klayman") for lack of personal jurisdiction and in support thereof states as follows.

**I.    INTRODUCTION**

Klayman sues Defendant Fitton for an allegedly defamatory statement published by a third-party, Roger Stone ("Stone"), on the internet on January 18, 2019. He now files a three-count Complaint for defamation, defamation *per se* and defamation by implication[ DE 3].However, the Complaint fails to allege, or is at least unclear and inconsistent, about whether Klayman claims Fitton is responsible for Stone's statement under agency/principal, conspiracy, or republication theory. Regardless, like three separate judges who previously considered this issue, this Court must find that it lacks jurisdiction over Defendant Fitton due to insufficient minimum contacts with Florida and the absence of any forum-related activity connected to the causes of action.

Defendant Fitton denies that he made any defamatory statement regarding Klayman. The Complaint alleges only one defamatory statement uttered by a third-party, Stone: "He (Klayman)

was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint." [DE 3 ¶ 16]. The alleged defamatory statement is not attributed to Fitton. Instead, the individual who made the statement merely states "ask Tom Fitton". Klayman does not allege any fact that shows the alleged statement was uttered by Fitton or shows that Fitton engaged in any forum-related activity.

Accordingly, this matter should be dismissed for lack of personal jurisdiction.

## II. ALLEGATIONS OF FACT

Klayman asserts claims for defamation, defamation per se and defamation by implication based on the following allegations:

- Klayman is an individual and citizen of Florida. [DE 3 ¶ 3].

- Defendant Fitton is an individual and citizen of the District of Columbia. Fitton is also the President of Judicial Watch. [DE 3 ¶ 4].

- Fitton is working with Stone to defame Klayman. [DE 3 ¶ 8].

- Stone has engaged in a campaign to illegally smear, intimidate, coerce and threaten Dr. Jerome Corsi, who is represented by Klayman. [DE 3 ¶ 11].

- Stone's statements regarding Klayman relate to a fear that he would be indicted. [DE 3 ¶ 12].

- Corsi is a material witness for the prosecution of Stone. [DE 3 ¶ 13].

- Fitton and Stone are joint tortfeasors hoping to intimidate Corsi and Klayman by harming their reputations, coerce Corsi to testify falsely, and impede Corsi's criminal defense. [DE 3 ¶ 14]. Stone and Fitton are also acting in concert to divert funds from Corsi's legal defense fund. *Id*.

- On January 18, 2019, Stone published a video on to internet sites in which he makes the following statement regarding Klayman: "He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint." [DE 3¶¶ 15-16].

- Stone made the defamatory statement at the direction of Fitton, who shared the defamatory statement to Stone and others. [DE 3 ¶¶ 17, 20].

2

- Fitton knows that Klayman was not ousted from Judicial Watch due to a sexual harassment complaint. [DE 3 ¶¶ 18-19].

- Stone's intent is to boost his own reputation and standing at the expense of Klayman. [DE 3 ¶ 20].

- Fitton and Stone have engaged in illegal witness tampering of Corsi and Klayman based on the defamatory statement. [DE 3 ¶ 21].

The Claims are based on one statement by Stone in which viewers were encouraged to speak with Fitton for confirmation of Stone's assertion. The alleged statement itself attributes nothing to Fitton. There is no non-conclusory allegation that Fitton made any statement to Stone, defamatory or otherwise, at any time. Fitton is not alleged to have told Stone the basis for Klayman's separation from Judicial Watch. Stone only encourages viewers to confirm his assertion with the President of Judicial Watch, the organization that previously employed Klayman. The remaining allegations of the Complaint, as set out above, are conclusions and speculation.

### III. MEMORANDUM OF LAW

Defendant Fitton challenges this Court's personal jurisdiction over him. The Complaint does not contain any facts to support jurisdiction under Florida's long-arm statute. Forcing Fitton to defend this action in a Florida court, state or federal, offends traditional notions of fair play and substantial justice.

**A. Legal Standard**

The question of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514–19 (11th Cir. 1990); *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). The initial inquiry is to consider the jurisdictional question under Florida's long-arm statute. *Id*. If there is a factual basis to assert personal jurisdiction under the long-arm statute, the second inquiry is to determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth

3

Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)); *Cable/Home Communication Corp.,* 902 F.2d at 855. Both inquiries must be satisfied for a federal or state court to exercise personal jurisdiction over a nonresident defendant. "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Klayman has the burden of establishing a *prima facie* case of jurisdiction over Fitton. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir.1988); *Bracewell v. Nicholson Air Service, Inc.*, 748 F.2d 1499, 1504 (11th Cir.1984). A *prima facie* case requires that Klayman present sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. A court is only required to accept facts asserted in a complaint as true, to the extent they are not controverted by a non-resident's declaration. *Kelly v. Kelly*, 911 F. Supp. 518, 521 (M.D. Fla. 1995). If the non-resident's declaration sufficiently challenges jurisdiction, the burden shifts to the plaintiff to present affidavits or declarations sufficient to establish jurisdiction.

    **B.**  **Declaration of Thomas J. Fitton**

To support this Motion to Dismiss, Fitton provides facts. He does not: (l) own or lease any real property in Florida; (2) have a telephone listing or mailing address in Florida; (3) have any Florida bank accounts; (4) have any Florida property tax liability; (5) have any Florida registered vehicles or a Florida driver's license; (6) hold any Florida professional licenses; (7) vote in Florida; (8) operate, conduct, engage in, or carryon any personal business in Florida; (9) travel to Florida except occasionally to conduct business on behalf of Judicial Watch; (10) contract to insure any

4

person or thing in Florida; (11) commit tortious acts in Florida; (12) cause injury to people or property in Florida; or (13) enter into or breach contracts that are to be performed in Florida. Exhibit A (Fitton Declaration) at ¶ 9. Fitton's contact with Florida consists of actions taken on behalf of his employer and one personal vacation. *Id*. at ¶¶ 10 – 11. Fitton does not work with Stone in any capacity nor does he recall ever communicating with Stone. *Id*. at ¶ 7. Fitton never published, uttered or implied to Stone or anyone else that Klayman was the subject of a sexual harassment complaint or that Klayman was the subject of such a complaint during his employment by Judicial Watch. *Id*. While unrelated to the claim of defamation, Fitton is also not involved in any effort to impede or harm the raising of money for legal defense funds for Stone, Jerome Corsi or Larry Klayman. *Id*.

The foregoing facts demonstrate that Fitton is outside the reach of Florida's long-arm statute and has no minimum contacts with Florida.

### C. Plaintiff Cannot Establish Jurisdiction Under The Florida Long-Arm Statute

Florida law governs the reach of the Florida long-arm statute. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890–91 (11th Cir.1983). Analysis under the long-arm statute and the jurisdictional analysis under the U.S. Constitution are distinct. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 500 (Fla.1989). Here, the jurisdictional issue is blurry because Klayman fails to cite to any section of the Florida long-arm statute. In relevant part, the statute reads as follows:

> (1)  (a)  A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> > 1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

>    2. Committing a tortious act within this state.
>
>    . . .
>
>    6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>        a. The defendant was engaged in solicitation or service activities within this state; or
>
>        b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. Ann. § 48.193.

Klayman does not, and cannot, establish jurisdiction for this action under any Section of the long-arm statute. The Complaint lacks any factual allegation to show that Fitton, individually or through an agent, operated a business, carried on a business or committed a tortious act within Florida. The Complaint lacks any factual reference to support jurisdiction for committing a tortious act outside Florida while engaged in soliciting in Florida or manufacturing a product for in-state commerce. Moreover, Fitton's Declaration rebuts any basis for jurisdiction under the long-arm statute or constitutional due process.

Klayman's Complaint is limited to conclusory allegations without any factual substance from which jurisdiction can be determined. The relevant allegations are:

> "Fitton is now conveniently and incredibly working with Roger Stone to defame Klayman." [DE 3 ¶ 8].
>
> "Defendant Fitton and Stone are working in concert as joint tortfeasors hoping to not only intimidate Dr. Corsi and his counsel to severely harm and damage their reputations, but also to coerce and threaten Dr. Corsi to testify falsely if subpoenaed

> to be called as a material witness in Defendant Stone's ensuing criminal trial, as well as to impede and harm Dr. Corsi's criminal defense." [DE 3¶ 14].
>
> "They are also acting in concert to divert funds away from Dr. Corsi's legal defense fund, while boosting Stone's legal defense fund." [DE 3. ¶ 14].
>
> "Stone made this false, defamatory statement at the direction of Defendant Fitton, whom he attributes this false and defamatory statement to." [DE 3 ¶ 17].
>
> "Defendant Fitton with malice and/or a reckless disregard for the truth knew that Plaintiff Klayman did not leave Judicial Watch as a result of a sexual harassment complaint." [DE 3 ¶ 19].
>
> "Defendant Fitton knowingly published this false and defamatory statement to Stone, who in turn republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see." [DE 3 ¶ 20].
>
> "Defendant Fitton, in concert with Stone, have therefore also engaged in illegal witness tampering of Dr. Corsi and his lawyer Plaintiff Klayman in violation of 18 U.S.C. § 1512 by virtue of the defamatory acts and practices as alleged herein." [DE 3 ¶ 21].

Each of these allegations is wholly unsupported by any factual allegation in the Complaint. As clarified by Fitton's Declaration, he did not make any statement in Florida, direct a statement to be published in Florida or avail himself of Florida in any way. Exhibit A at ¶¶ 7, 9 – 11.

Conclusory allegations are insufficient to establish "a substantial connection with the forum State." *Walden*, 571 U.S. at 284. Taken together, the Complaint and Fitton's Declaration show that Fitton is beyond the reach of Florida's long-arm jurisdiction.

### D. Constitutional Due Process is not Satisfied

Even if Klayman could establish long-arm jurisdiction, this Court is required to decline personal jurisdiction over Fitton because there are insufficient minimum contacts with the forum state. To test whether personal jurisdiction over a nonresident defendant comports with due process, this Court must engage in a two-prong inquiry. First, the Court examines whether Klayman established that Fitton has "minimum contacts" with Florida. Second, the Court must

determine whether the exercise of personal jurisdiction over Fitton will offend "'traditional notions of fair play and substantial justice.'" *Williams Elec. Co. v. Honeywell, Inc.,* 854 F.2d 389, 392 (11th Cir.1988) (quoting *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. at 158). Klayman fails both tests.

        **1.**    **<u>Minimum Contacts</u>**

The concept of minimum contacts is a constitutional inquiry into whether a defendant had "fair warning" that a particular activity may subject him to the jurisdiction of Florida. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). Fair warning requires that Fitton "purposefully directed" his activities at Florida and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id*. The conduct and connection with Florida must be of a character that Fitton should reasonably anticipate being haled into court there. *Id*. at 474. However, "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, *reh'g denied,* 358 U.S. 858 (1958). These requirements assure that a defendant is not haled into court as a result of random, fortuitous, or attenuated contacts or due to the unilateral activity of a third party.

Klayman fails to allege any purposeful acts by Fitton directed at Florida. Except for one family vacation in the past 20 years, he has no actual contact with Florida outside the scope of his responsibilities as President of Judicial Watch. All actions on behalf of Judicial Watch are clearly within the scope of the corporate shield doctrine. *See Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993).

Here, Klayman sues Fitton for an alleged statement by Stone published on the internet. However, the offending statement does not quote Fitton or indicate that he is the source for the assertion, but merely identifies Fitton as an individual who could be asked for confirmation of the assertion. No facts are alleged to plausibly support the claim that Fitton ever made any defamatory statement to Stone directed at Florida or agreed or conspired with or caused Stone to make any defamatory statement directed at Florida. Fitton unequivocally denies that he ever spoke to Stone regarding Klayman. There is no basis from which this Court could conclude that Fitton directed any activity to Florida. Fitton's Declaration demonstrates a complete absence of any contact with Florida that could provide fair warning. Fitton believes that Klayman is a resident of California. Exhibit A at ¶ 13. How can Fitton direct activity to Florida when Klayman lives and works in California? The applicable standard is *not* the ability to see that the actions of a third-party may affect the forum, but rather that Fitton's ***own purposeful acts will have some effect in the forum***. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 112 (1987). Personal jurisdiction is proper only where Fitton's contact with Florida proximately results from the actions of Fitton *himself* that create a "substantial connection" with Florida. *Burger King,* 471 U.S. at 475. The speculation of a private conversation between Stone and Fitton cannot be the basis for personal jurisdiction in Florida, especially where Fitton denies that such a conversation ever occurred and believes that Klayman is a resident of California. In the face of this evidence, Klayman must produce actual evidence to satisfy jurisdictional due process.

## 2. **Fair Play and Substantial Justice**

In addition to the lack of minimum contacts, the minimum requirements of "fair play and substantial justice" defeat the reasonableness of asserting personal jurisdiction. *Burger King,* 471 U.S. at 476. Such factors include, but are not limited to, the burden on Fitton in defending the

9

lawsuit, Florida's interest in adjudicating the dispute, Klayman's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies. *Id.* at 477.

To be haled into a Florida court based on an alleged conversation that occurred elsewhere (and which Fitton denies every occurred anywhere), would impose a substantial burden on Fitton. Witnesses relevant to the case all reside outside Florida (including Klayman). Moreover, Florida has no particular interest in adjudicating this matter given the parties residence elsewhere. This case was filed *pro se* by Klayman, who identifies his address on the Complaint as 2020 Pennsylvania Ave., N.W., Suite 800, Washington, DC 20006. Klayman's choice of jurisdiction appears to be intended to harass Fitton. In fact, as counsel for Jerome Corsi, Klayman filed a similar complaint for defamation and other claims, which are based on the same video, in the U.S. District Court for the District of Columbia. *See Corsi v. Stone*, Civil Action No. 1:19-cv-00324-TJK (D.D.C.). There is no burden on Klayman to litigate this action in the District of Columbia together with the Corsi claims.

The Court's consideration of "other factors" should also include three prior lawsuits in which Klayman sued Fitton personally in Florida for activities outside the state. In each case, the applicable court determined that Florida did not have personal jurisdiction over Fitton. Exhibit B at pp. 2 – 3; Exhibit C at p. 12; Exhibit D at pp. 13 – 20. Absent compelling facts indicating otherwise, Klayman should be estopped from asserting personal jurisdiction over Fitton in Florida.

### IV.     CONCLUSION

The facts alleged in this matter are not sufficient to support long-arm jurisdiction. To subject Defendant Fitton to the jurisdiction of this Florida Court would offend constitutional due process.

WHEREFORE, Defendant Thomas J. Fitton respectfully requests that this Court GRANT this Motion and dismiss the action, and for any other relief deemed proper under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

```
                                    COLE, SCOTT & KISSANE, P.A.
                                    Counsel for Defendant THOMAS FITTON
                                    222 Lakeview Avenue, Suite 120
                                    West Palm Beach, Florida 33401
                                    Telephone (561) 383-9206
                                    Facsimile (561) 683-8977
                                    Primary e-mail: katie.merwin@csklegal.com
                                    Secondary e-mail: krystal.desinord@csklegal.com

                            By:  s/ Katie M. Merwin
                                    KATIE M. MERWIN
                                    Florida Bar No.: 41635
```

4044.0612-00/13203982