UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 1:19-cv-20544

LARRY KLAYMAN,

    Plaintiff,

v.

THOMAS FITTON,

    Defendant.

**DEFENDANT THOMAS FITTON'S MOTION FOR
SANCTIONS PURSUANT TO FED. RULE. CIV. P. 11**

Defendant Thomas Fitton ("Fitton"), by counsel and pursuant to Fed. R. Civ. P. 11, hereby moves this Court to impose an appropriate sanction against Plaintiff Larry Klayman ("Klayman") for filing frivolous pleadings for a bad faith purpose and states:

**I.  INTRODUCTION AND BACKGROUND**

In this action, Klayman makes his fourth attempt to procure personal jurisdiction over Fitton in U.S. District Courts located in Florida. Two prior attempts occurred in this Court and one in the Middle District of Florida. The factual basis for jurisdiction has not changed. Moreover, Klayman attempts to secure personal jurisdiction over Fitton without providing those facts necessary to establish jurisdiction. Because this is the fourth instance where Klayman uses the federal court system in Florida to harass and inconvenience Fitton by filing frivolous pleadings, this Court should impose harsh sanctions against Klayman to preclude him from filing any future frivolous actions. While the undersigned recognizes the significance of the relief requested, same is necessary to prevent Klayman from continuing his campaign of harassment against the Defendant.

**II.** Klayman has a long history of employing vexatious litigation tactics against his adversaries, both real and imagined. This includes, but is certainly not limited to, intentionally filing claims in locations where personal jurisdiction does not attach. In fact, the Southern District of Florida has previously sanctioned Klayman due to his vexatious conduct. *See, Larry Klayman v. Stephanie A. Deluca, et. al, No. 15-CV-80310-KAM* (S.D. Fla. May 18, 2016). The sanction included an injunction preventing Klayman from filing future claims against a defendant without the assistance of counsel. *Id.* In so holding, the Southern District Court of Florida concluded that "Klayman has a history of vexatious conduct in this District and in other courts" and

that an injunction was necessary to deter Klayman "from abusing the judicial process" *Id* at 4 and n2. The trial court's decision was upheld by the Eleventh Circuit, which concluded that that Klayman's history of vexatious litigation is "sufficient for the court to enjoin future vexatious litigation." *Klayman v. Deluca*, 712 F. App'x 930, 933 (11th Cir. 2017). As such, without this Honorable Court's intervention, Klayman will continue to engage in bad faith litigation designed solely to harass the Defendant.

**BACKGROUND FACTS**

On January 18, 2019, Klayman filed suit against Fitton in a three-count Complaint for defamation, defamation *per se* and defamation by implication based on an alleged defamatory statement published by a third-party, Roger Stone ("Stone"), on the internet. [ECF Document No. 1] The Complaint alleges that Florida has personal jurisdiction over Fitton and contains the following allegations:

- Klayman is an individual and citizen of Florida. Compl. ¶ 3.

- "Fitton is now conveniently and incredibly working with Roger Stone to defame Klayman." Compl. ¶ 8.

- "Defendant Fitton and Stone are working in concert as joint tortfeasors hoping to not only intimidate Dr. Corsi and his counsel to severely harm and damage their reputations, but also to coerce and threaten Dr. Corsi to testify falsely if subpoenaed to be called as a material witness in Defendant Stone's ensuing criminal trial, as well as to impede and harm Dr. Corsi's criminal defense." Compl. ¶ 14.

- "They [Stone and Fitton] are also acting in concert to divert funds away from Dr. Corsi's legal defense fund, while boosting Stone's legal defense fund." Compl. ¶ 14.

- "Stone made this false, defamatory statement at the direction of Defendant Fitton, whom he attributes this false and defamatory statement to." Compl. ¶ 17.

- "Defendant Fitton with malice and/or a reckless disregard for the truth knew that Plaintiff Klayman did not leave Judicial Watch as a result of a sexual harassment complaint." Compl. ¶ 19.

- "Defendant Fitton knowingly published this false and defamatory statement to Stone, who in turn republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see." Compl. ¶ 20.

- "Defendant Fitton, in concert with Stone, have therefore also engaged in illegal witness tampering of Dr. Corsi and his lawyer Plaintiff Klayman in violation of 18 U.S.C. § 1512 by virtue of the defamatory acts and practices as alleged herein." Compl. ¶ 21.

CIVIL ACTION NO.: 1:19-cv-20544

On March 1, 2019, Fitton moved to dismiss the Complaint for lack of personal jurisdiction. [ECF Document No. 6] The Motion to Dismiss demonstrates that Klayman alleged no facts in support of personal jurisdiction in Florida. Fitton also provides a Declaration in which he denies any relevant contact with Florida or uttering any alleged defamatory statement to Stone.

On March 18, 2019, Klayman filed an Opposition to Defendant's Motion to Dismiss (the "Opposition") and restates the allegations of personal jurisdiction from the Complaint without including any supporting facts. In the Opposition, Klayman states that Fitton: "is clearly subject to Florida's long-arm statute by virtue of his tortious conduct aimed at a Florida resident and haling him into this Court comports with due process and traditional notions of fair play and justice." Opposition at p. 1. In the Opposition that Klayman signed pursuant to Rule 11, he refers to a statement uttered by Stone that is alleged be defamatory and makes the following related assertions:

- "Plaintiff is a citizen of Florida." Opposition at pp. 11 and 14.

- "Plaintiff, a Florida resident. . . ." Opposition at pp. 6 and 13.

- "Stone made this false, defamatory statement at the direction of Defendant Fitton, whom he attributes the false and defamatory statement to." Opposition at p. 3.

- "Defendant Fitton knowingly published this false and defamatory statement to Stone in Florida, in this district, who in turn republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see." *Id*.

- "The Court here should exercise specific jurisdiction over Defendant Fitton because his tortious conduct was intentional, aimed at Plaintiff, a Florida resident, felt in Florida's forum and he should expect to be haled into Court where his defamatory misconduct took place." Opposition at p. 6.

- "Defendant Fitton and Stone are working together as co-conspirators to try to harm me in this district, in Florida and the United States." Exhibit 1 at ¶ 13.

- "Defendant Fitton and Stone communicated and published the false and defamatory statements by phone, email, text or in person in Florida and in this district. Discovery will reveal which vehicle(s) Defendant Fitton and Stone used to conspire together to hurt me in Florida." Id. at ¶ 15.

- "Defendant Fitton published this false statement to Stone, located in Florida at the time, and the false statement was aimed at me, a Florida citizen." Id. at ¶ 17.

- "Defendant Fitton communicated to and with Roger Stone, who at all material times was situated in Florida, either in person or over the phone." Opposition at p. 14.

To support the foregoing assertions, Klayman submits a Declaration [ECF Document No. 8-1] (the "Declaration") in which he simply repeats the conclusory allegations from the Complaint under oath, but adds no further evidence or information to support or explain his conclusions:

- "I am a citizen of Florida and have, at all material times, done business in this judicial district." Declaration at ¶ 2.

- Defendant Fitton and Stone are working together as co-conspirators to try to harm me in this district, in Florida and the United States. Declaration at ¶ 13.

- "The January 18, 2019 InfoWars video contained several false, misleading and defamatory statements concerning me. Stone published at the direction of Defendant Fitton, "[h]e [me] was ousted at Judicial Watch. Ask Tom Fitton why he left. He left because of a sexual harassment complaint." Declaration at ¶ 14.

- "Defendant Fitton and Stone communicated and published the false and defamatory statements by phone, email, text or in person in Florida and in this district. Discovery will reveal which vehicle(s) Defendant Fitton and Stone used to conspire together to hurt me in Florida." Declaration at ¶ 15.

- "Stone made this false, defamatory statement at the direction of Defendant Fitton, whom he attributes this false and defamatory statement." Declaration at ¶ 16.

- "Defendant Fitton published this false statement to Stone, located in Florida at the time, and the false statement was aimed at me, a Florida citizen." Declaration at ¶ 17.

On March 26, 2019, Fitton filed a Reply Memorandum explaining that Klayman did not meet his burden of presenting facts sufficient to demonstrate a *prima facie* case.

On May 3, 2019, Defendant Fitton's counsel provided a draft copy of this Motion for Sanctions to Klayman in an effort to resolve the frivolous nature of the Complaint, Opposition and Declaration. Klayman is fully informed that his pleadings lack any basis for personal jurisdiction.

    **III.** Despite efforts to convince Klayman that the pleadings should be withdrawn, he continues to pursue a frivolous jurisdictional foundation that is clearly untenable. Klayman's actions compel Defendant Fitton to file this Motion for Sanctions. **STANDARD OF REVIEW**

Rule 11 requires sanctions to be imposed on a party who files a pleading, motion or other paper that lacks a supporting factual basis or for "any improper purpose, such as to harass". Fed. R. Civ. P.

4

Rule 11 (b). "The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction". *Sussman v. Salem, Saxon and Nielsen, PA.,* 150 F.R.D. 209, 213 (M.D. Fla. 1993). Rule 11 is designed to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers". *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001); *see also, Sussman*, 150 F.R.D. at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management").

Three circumstances warrant Rule 11 sanctions in the Eleventh Circuit: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and, (3) when a party files a pleading in bad faith for an improper purpose. *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir. 1995). Rule 11 sanctions are mandatory when a signed pleading is submitted to the court under any one of these conditions. *See Schramek v. Jones,* 161 F.R.D. 119, 122 (M.D. Fla. 1995). Rule 11 obligations are not limited to the filing of a complaint but continue throughout the course of litigation…." *Cargile v. Viacom Int'l Inc.,* 282 F. Supp. 2d 1316, 1319 (N.D. Fla. 2003). Thus, sanctions are not limited to Rule 11 violations made at the time of filing but also applies when the attorney continues "insisting upon a position after it is no longer tenable." *Battles v. City of Ft. Myers,* 127 F.3d 1298, 1300 (11th Cir. 1997) (quoting Advisory Committee's Note for Fed. R. Civ. P. 11).

### IV. ARGUMENT

Sanctions are warranted because the Complaint and Opposition have no reasonable factual basis for personal jurisdiction, which is founded solely on Klayman's speculation and assumption. Sanctions are further warranted because the purpose of filing in Florida is solely to harass Fitton. This is evident from Klayman's history of filing civil actions against Fitton in the Middle and Southern Districts of Florida, which were then dismissed for lack of any grounds for personal jurisdiction. The Complaint and Opposition were filed in bad faith for an improper purpose – to harass Fitton.

### A. Neither the Complaint nor the Opposition allege a reasonable basis for personal jurisdiction over Fitton

When considering whether Rule 11 sanctions are appropriate, courts are instructed to inquire: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v. Nezhat*, 261 F.3d 1075, 1105

(11th Cir.2001) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998)). The Advisory Committee notes for 1993 emphasize "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 Advisory Committee Note of 1993. Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010).

Klayman's assertion of personal jurisdiction is objectively frivolous. Having filed three prior actions against Fitton that were dismissed for lack of personal jurisdiction, Klayman is aware that he has the burden to provide evidence or declarations sufficient to establish jurisdiction once Fitton controverted the facts in the Complaint. *Kelly v. Kelly*, 911 F. Supp. 518, 521 (M.D. Fla. 1995). Ignoring his burden, Klayman repackaged allegations from the Complaint and stated them in his Declaration. This demonstrates that Klayman conducted no pre-filing inquiry or investigation into the facts of his claim. There are no facts or evidence to show how Klayman has knowledge regarding any of the following allegations:

- Klayman's residence in Florida;
- Alleged communications between Fitton and Stone;
- Fitton "directed" Stone to make the allegedly defamatory statement;
- Fitton and Stone are diverting funds from Corsi's legal defense fund;
- Fitton published any statement "in this district" to Stone;
- Fitton engaged in "illegal witness tampering;"
- Where Fitton was at the time of the alleged statement; and
- Where Stone was at the time of the alleged statement.

The foregoing list is not exhaustive, but it demonstrates that Klayman made no effort at all to determine whether he had a claim against Fitton, and if so, where the claim could be filed. Instead, Klayman knowingly filed the action where the assertion of personal jurisdiction over Fitton would impose the greatest burden on him even though the effort is frivolous.

As a practicing attorney with over 40 years' experience, Klayman is on notice and aware that his burden requires a factual showing of personal jurisdiction. Once personal jurisdiction is at issue, Klayman's response to Fitton's Motion to Dismiss requires substantially more than merely restating allegations in a declaration. His burden is to establish a *prima facie* case of jurisdiction over Fitton. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir.1988); *Bracewell v. Nicholson Air Service, Inc.*, 748 F.2d 1499, 1504 (11th Cir.1984). However, instead of producing any evidence; Klayman admits that he has none: "Discovery will reveal which vehicle(s) Defendant Fitton and Stone used to conspire together to hurt me in Florida."

Opposition at p. 10; Declaration at ¶ 15. Stated otherwise, Klayman lacks any knowledge regarding if, when, or how Fitton could have spoken to Stone, but believes that the Court should exert personal jurisdiction over Fitton and permit discovery to explore his suspicion. No case law in this Circuit permits personal jurisdiction based on suspicion. Equally offensive is that Klayman asserts he is a resident and citizen of Florida and this judicial district. He is not. As stated in Fitton's Declaration, Klayman has for some time been a resident of California, where he lives with his wife, Dina James. He does not reside in Florida and maintains no residence in the State.[1]

Klayman's Opposition and Declaration are devoid of any facts to establish a *prima facie* case of jurisdiction. The circumstances in this case are exacerbated by Klayman's unquestionable awareness that possesses no factual foundation for his jurisdictional assertion or claims against Fitton. Unrepentant, he persists in harassing Fitton and clogging this Court's docket.

The Complaint, Opposition and Declaration by Klayman are frivolous filings deserving of severe sanctions.

### B. Klayman's bad faith is evident from prior lawsuits against Fitton that were dismissed for lack of personal jurisdiction

Klayman filed this action in bad faith to harass and torment Fitton. The standard for objective bad faith was explained by the Middle District of Florida as follows:

> Objective bad faith arises where an attorney knowingly or recklessly pursues a frivolous claim or needlessly obstructs the litigation of a non-frivolous claim. A party could demonstrate bad faith, for example, by delaying or disrupting the litigation or hampering enforcement of a court order. If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith as well. Recklessness is enough to support a finding of objective bad faith, even if the attorney does not act knowingly and malevolently. Reckless conduct simply means conduct that grossly deviates from reasonable conduct.

*In re Engle Cases*, 283 F. Supp. 3d 1174, 1214 (M.D. Fla. 2017) (citations and internal quotations omitted). Klayman's pursuit of personal jurisdiction over Fitton in Florida without reasonable inquiry into the underlying facts was in bad faith.

Klayman's bad faith is evident from three prior lawsuits filed in Florida that were dismissed for lack of personal jurisdiction over Fitton. The facts relied on in this action to establish personal

---

[1] As a predicate to moving forward, Klayman should be required to provide specific details of his residence under oath. While he may file a case in Florida as a non-resident, he may not perpetuate the misrepresentation that he is a citizen and resident of Florida when he is not.

jurisdiction are no different than those of the prior actions, yet Klayman seeks a different outcome without citing any law in support. In two prior actions filed in this Court, and one in the United States District Court for the Middle District of Florida, Klayman relied solely on conclusory allegations, without supporting facts, to assert jurisdiction over Fitton for alleged tortious conduct within the state or aimed at the state. In all three cases, Klayman proffered no supporting facts, which resulted in similar findings of no personal jurisdiction over Fitton under the Florida long arm statute ***and*** an absence of any notion of minimum contacts. Exhibit A at pp. 2 – 3; Exhibit B at p. 12; Exhibit C at pp. 13 – 20. In this case, again, Klayman does not present any fact or law to support a different outcome. The frivolous nature of his assertion of personal jurisdiction in this case was known at the time of filing, and during subsequent pleadings filed to oppose the Motion to Dismiss. Therefore, Rule 11 sanctions are warranted for bad faith.

Klayman's violation of Fed. R. Civ. P. 11 is compounded by his perpetual misrepresentation of being a "citizen" of Florida. The purpose of this statement, made under oath, is intended to support the argument that as a "resident" of Florida, Klayman is entitled to protection by the Court, which should stretch the limits of personal jurisdiction. Contrary to Klayman's sworn Declaration or the factual representations in pleadings, he is neither a "resident" nor a citizen of Florida. He has no residential address within Florida but lives full-time in California. Klayman does not own Florida real estate, lease a Florida residence, maintain a legitimate business address or operate any going concern within Florida. His sole connection to Florida is membership in the Bar and a continuous flow of civil actions against Fitton and others to cause harassment and inconvenience.

### V. CONCLUSION

The Complaint, Opposition and Declaration are all objectively frivolous assertions of personal jurisdiction over Fitton that have cause substantial cost and harassment. Because Klayman has engaged in a pattern of pursuing the same frivolous position, his filings are made with objective bad faith. The Court must impose harsh Rule 11 sanctions to compensate Fitton, deter Klayman and protect the integrity of this Court.

WHEREFORE, for all of the foregoing reasons, Defendant Thomas J. Fitton respectfully requests that the Court GRANT this Motion and award the following relief against Klayman: (a) award Fitton his reasonable attorney's fees, costs and expenses incurred in responding to this action; (b) enjoin Klayman from filing any civil action or otherwise seeking relief against Fitton in Florida without an order from an appropriate federal judicial officer certifying that the claims and personal jurisdiction are not frivolous; and (c) for such other relief that this court deems just and proper.

CIVIL ACTION NO.: 1:19-cv-20544

Respectfully Submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant THOMAS FITTON
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9206
Facsimile (561) 683-8977
Primary e-mail: katie.merwin@csklegal.com
Secondary e-mail: krystal.desinord@csklegal.com


By: /s/ Katie M. Merwin
_____
    KATIE M. MERWIN
    Florida Bar No.: 41635

Richard W. Driscoll, *Pro Hac Vice*
DRISCOLL & SELTZER, PLLC
Counsel for Defendant THOMAS FITTON
300 N Washington Street, Suite 610
Alexandria, VA 22314
Telephone (703) 879-2601
Facsimile (703) 997-4892
Primary e-mail: rdriscoll@driscollseltzer.com

CIVIL ACTION NO.: 1:19-cv-20544

## **RULE 11(C)(2) CERTIFICATE**

Pursuant to Rule 11(c)(2), I hereby certify that on May 4, Plaintiff Larry Klayman was served by email and first-class mail, postage paid, with a copy of the foregoing Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, together with a letter stating as follows:

> Pursuant to Fed. R. Civ. P. 11(c)(2), attached is a service copy of Defendant Thomas Fitton's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, which we are providing to you. We demand that you dismiss with prejudice your claims against Thomas Fitton within 21 days of the date of this letter. If you refuse to dismiss your claims against Thomas Fitton, we will proceed with filing the Motion for Sanctions with the Court.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant THOMAS FITTON
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone (561) 383-9206
> Facsimile (561) 683-8977
> Primary e-mail: katie.merwin@csklegal.com
> Secondary e-mail: krystal.desinord@csklegal.com
>
> By: _____
> KATIE M. MERWIN
> Florida Bar No.: 41635