UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20544-CIV-MARTINEZ/AOR

LARRY KLAYMAN,

    *Pro se* Plaintiff,

v.

THOMAS J. FITTON,

    Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL

THIS CAUSE came before the Court upon Plaintiff Larry Klayman's ("Plaintiff" or "Klayman") Motion to Compel Defendant Thomas Fitton ("Defendant" or "Fitton") to Answer Deposition Questions Posed on June 6, 2019 ("Motion to Compel") [D.E. 32]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 5]. For the reasons stated below, the undersigned denies the Motion to Compel.

## PROCEDURAL BACKGROUND

In this action, Klayman brings claims for defamation, defamation per se and defamation by implication against Fitton. See Complaint for Defamation [D.E. 1]. As the basis for these claims against Fitton, Klayman cites a January 18, 2019 video posted on the Internet by Roger Stone stating that Klayman "was ousted at Judicial Watch. Ask Tom Fitton why he left. He left because of a sexual harassment complaint." Id. ¶¶ 15-16.

On March 4, 4019, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [D.E. 6]. In support of the Motion to Dismiss, Defendant filed a Declaration

pursuant to 28 U.S.C. § 1746, wherein he denied having any contacts with Florida, except to conduct business on behalf of Judicial Watch (where he serves as president), and one personal vacation trip in the past 20 years. See Declaration Under Penalty of Perjury of Thomas J. Fitton ("Declaration") [D.E. 6-1]. In his Opposition to the Motion to Dismiss, Plaintiff argued that he should be allowed to conduct jurisdictional discovery to test the veracity of the Declaration. See Opposition to Motion to Dismiss [D.E. 8 at 24].

On May 21, 2019, the undersigned held a hearing on Defendant's Motion to Dismiss [D.E. 23]. At the hearing, the undersigned allowed Plaintiff to "conduct a 2-hour deposition of Defendant limited to personal jurisdiction discovery." See Order [D.E. 24 at 1]. The deposition took place on June 6, 2019. See Transcript of Deposition of Thomas J. Fitton ("Transcript") [D.E. 32-1]. Plaintiff now asks the Court to compel Defendant to answer eleven questions that were asked but not answered during the course of Defendant's deposition. See Motion to Compel [D.E. 32 at 4-5]. Although Plaintiff only certified Questions 1-9 listed in the Motion to Compel at the deposition, see Transcript [D.E. 32-1 at 4], the undersigned will address all eleven questions listed in the Motion to Compel.[1]

## APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") provides that a motion to compel may be made in cases where "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). Rule 30 of the Federal Rules of Civil Procedure

---

[1] Plaintiff certified three additional questions at the deposition that are not listed in the Motion to Compel. Compare Transcript [D.E. 32-1 at 4] with Motion to Compel [D.E. 32 at 4-5]. The omitted certified questions are:
- "Are you a lawyer, Mr. Fitton?"
- "Are you a lawyer, Mr. Fitton?"
- "Why is it in here? Just to smear me with the Court?"

See Transcript [D.E. 32-1 at 4]. Because these three questions were omitted from the Motion to Compel, the undersigned deems them abandoned.

2

("Rule 30") provides that a deponent may be instructed not to answer a question when necessary "to preserve a privilege" and "to enforce a limitation ordered by the court." Fed. R. Civ. P. 30(c)(2).[2]

## DISCUSSION

As noted above, the undersigned allowed Plaintiff to take Defendant's deposition "limited to personal jurisdiction discovery." See Order [D.E. 24 at 1]. Thus, Defendant's counsel was permitted by Rule 30 to instruct his client not to answer questions that exceeded this limitation.

First, the undersigned finds that the following questions are facially outside the scope of the personal jurisdiction discovery that the undersigned allowed Plaintiff to conduct with respect to Defendant:

Question 1: "[w]ho wrote the first draft of [Defendant Fitton's] affidavit?[.]"

Question 3: "[w]hat was your interest at Judicial Watch in getting documents concerning the raid on Roger Stone's house?[.]"

Question 4: "[n]ow it's a pretty important issue, is it not, the behavior of the special counsel who is under the Department of Justice with regard to the raid on Roger Stone's house?[. . .]" "[s]omething that you're touting in the press release is an important issue for the public to get documents about, correct?[.]"

Question 5: "[y]ou have told Mr. Peterson in the past, have you not, that I was ousted from Judicial Watch because of a sexual harassment complaint?[.]"[3]

---

[2] Both sides reference the Discovery Practices Handbook that was adopted as a published appendix to the Southern District of Florida Local General Rules in 1996. See In Re: Adoption of Discovery Practices Handbook as Appendix to Local Rules, S.D. Fla. Admin. Order 96-36. However, the Discovery Practices Handbook is no longer in force, since the Local Rules were amended in 2014 "to include a statement regarding professional practice retained from the Sothern District of Florida Discovery Practices Handbook, which has been eliminated." See In Re: Amendments to the Local Rules Notice of Proposed Amendments, of Opportunity for Public Comments, and of Hearing to Receive Comments, S.D. Fla. Admin. Order 2014-95. Therefore, the undersigned will not address the parties' arguments made in reliance on the Discovery Practices Handbook.

[3] Defendant's counsel made a privilege, rather than a scope objection, with regard to this question. Regardless, the question does not address the issue of personal jurisdiction over Defendant in Florida.

3

  Question 6: "[a]fter I sued you in this particular case has anyone – have you or anyone at Judicial Watch or your counsel tried to contact Roger Stone?[,]"

  Question 10: "[n]ow you have in the last 16 years told many people, and I'm excluding any attorneys, exactly what is written in this affidavit and which you swore to under oath?[,]".

Therefore, Defendant's counsel properly instructed his client not to answer these questions.

  Next, the undersigned addresses questions related to Defendant's receipt of an award from the Council for National Policy ("CNP") in Orlando in February 2017:

  Question 2: "[w]ho is currently the president of CNP?[,]"

  Question 7: "[n]ow, your work is listed but CNP is not a member of – excuse me, your work is listed but Judicial Watch is not a member of CNP, correct?[,]"

  Question 8: "[a]nd you're aware that the individuals that are members of CNP it lists where they work but that where they work are not members?[,]"

Defendant's counsel initially instructed Defendant not to answer Question 2 on the grounds that it exceeded the deposition scope limitations. Later, Defendant testified that Judicial Watch participates in CNP through him and that his membership in CNP is paid by Judicial Watch. See Transcript [D.E. 32-1 at 20]. When Plaintiff asked Question 7, Defendant's counsel objected on the grounds of "asked and answered" and directed Defendant not to answer it. With regard to Question 8, Defendant's counsel objected to it as argumentative and Defendant stated he did not understand the question.

  Although Questions 2, 7 and 8, taken together, did not facially exceed the scope of the deposition, Defendant sufficiently testified regarding his CNP membership for personal jurisdiction purposes.

  Next, the undersigned addresses:

  Question 9: "[y]ou got a speaking fee for your appearance there, did you not?[,]"

This question related to a prior question regarding an interview given to a Jason Goodman of

4

Crowd Source the Truth in Florida. Defendant testified that he remembered giving an interview to a guy whose name and whose Internet site's name he did not remember. See Transcript [D.E. 32-1 at 25]. Defendant's counsel objected on the grounds of "asked and answered," and Defendant stated he had already answered questions on speaking fees. Therefore, Defendant sufficiently answered this question.

Finally, the undersigned addresses:

Question 11: "[a]nd you are aware that there are forensic ways to recreate deleted e-mails from hard drives?[.]"

Defendant's counsel objected to this question on the grounds that it was argumentative and harassing, after Defendant had testified at length regarding how he handles and stores emails. The undersigned finds that this question does not address the issue of personal jurisdiction over Defendant in Florida.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Compel is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 11th day of July, 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
    Counsel of Record