UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20544-CIV-MARTINEZ/AOR

LARRY KLAYMAN,

    *Pro se* Plaintiff,

v.

THOMAS J. FITTON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Thomas Fitton's ("Defendant" or "Fitton") Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [D.E. 6]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 5]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Dismiss be GRANTED.

## PROCEDURAL BACKGROUND

In this action, Plaintiff Larry Klayman ("Plaintiff" or "Klayman") brings claims for defamation, defamation per se and defamation by implication against Fitton. See Complaint for Defamation ("Complaint") [D.E. 1]. As the basis for these claims against Fitton, Klayman cites a January 18, 2019 video posted on the Internet by Roger Stone ("Stone") stating that Klayman "was ousted at Judicial Watch. Ask Tom Fitton why he left. He left because of a sexual harassment complaint." Id. ¶¶ 15-16.

In support of his Motion to Dismiss, Defendant filed a Declaration pursuant to 28 U.S.C. § 1746, wherein he denied having any contacts with Florida, except to conduct business on behalf of

Judicial Watch (where he serves as president), and one personal vacation trip in the past 20 years. See Declaration Under Penalty of Perjury of Thomas J. Fitton ("Fitton Declaration") [D.E. 6-1]. In his Opposition to the Motion to Dismiss, Plaintiff argued that he should be allowed to conduct jurisdictional discovery to test the veracity of the Fitton Declaration. See Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition") [D.E. 8 at 24].

On May 21, 2019, the undersigned held a hearing on Defendant's Motion to Dismiss [D.E. 23]. At the hearing, the undersigned allowed Plaintiff to "conduct a 2-hour deposition of Defendant limited to personal jurisdiction discovery." See Order [D.E. 24 at 1]. The undersigned also allowed Plaintiff to supplement his Opposition ten days after the deposition was conducted. Id.

The deposition took place on June 6, 2019. See Transcript of Deposition of Thomas J. Fitton ("Transcript") [D.E. 32-1]. Plaintiff then filed a Motion to Compel Defendant Thomas Fitton to Answer Deposition Questions Posed on June 6, 2019 ("Motion to Compel") [D.E. 32]. The undersigned has denied the Motion to Compel. See Order Denying Motion to Compel [D.E. 48].

On June 17, 2019, Plaintiff filed a Supplement to Plaintiff's Opposition to Defendant Fitton's Motion to Dismiss Pursuant to the Court's Order of May 21, 2019 [DKT. #24] ("Supplement") [D.E. 33]. Plaintiff also filed an Addendum and Second Addendum to his Supplement [D.E. 34, 35]. After Defendant filed his Reply to Plaintiff's Supplement, Plaintiff filed a "Response," which Defendant sought to strike [D.E. 38, 42, 44]. The undersigned has denied Defendant's Motion to Strike. See Order Denying Motion to Strike [D.E. 49].

In his Supplement, Plaintiff argues that:

> Phone records, email records and credit card materials should be produced in order to discern how often Defendant Fitton communicated with Roger Stone

2

("Stone") and whether he purchased airline tickets to and from Florida for personal speeches or other personal matters, including but not limited to his Council for National Policy ("CNP") personal membership.

See Supplement [D.E. 33 at 2]. However, nothing in Defendant's deposition supports Plaintiff's request for such broad forensic discovery. Therefore, the Motion to Dismiss is ripe for adjudication.

## APPLICABLE LAW

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(b)(2)"), a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Initially, the plaintiff seeking the exercise of personal jurisdiction over a non-resident defendant bears the burden of alleging sufficient facts to make out a prima facie case of jurisdiction. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). If the defendant produces affidavits or other evidence that contradicts the plaintiff's prima facie case, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Id. To determine whether it has personal jurisdiction, a court must consider: "(1) whether personal jurisdiction exists over the nonresident defendants under Florida's long-arm statute, and (2) if so, whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." Prunty v. Arnold & Itkin LLP, 753 F. App'x 731, 734 (11th Cir. 2018) (citing Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013)).

Florida's long-arm statute provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> ***
> 2. Committing a tortious act within this state.

3

> \*\*\*
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury…:
> a. The defendant was engaged in solicitation or service activities within this state.

Fla. Stat. § 48.193.[1]

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). Thus, due process requires that the defendant have "minimum contacts" with the forum state, and that the maintenance of the suit not offend "traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Int'l Shoe Co., 326 U.S. at 316.

## JURISDICTIONAL FACTS

In his Declaration, Defendant avers the following jurisdictional facts:

- ➢ Defendant has been a resident of Washington, D.C. since 1989.

- ➢ Defendant is the President and a Director of Judicial Watch, Inc., a non-profit organization formed under the laws of the District of Columbia.

- ➢ Defendant has no recollection of ever having any communication with Stone; and denies ever communicating with Stone regarding the circumstances or reasons for Plaintiff's separation from Judicial Watch.

- ➢ Defendant does not travel to Florida except occasionally to conduct business on behalf of Judicial Watch.

- ➢ Judicial Watch has two employees and a small office in the State of Florida, which Defendant supervises in his capacity as President of Judicial Watch.
- ➢ In the past twenty years, Defendant took one trip to Florida for a personal vacation.

See Fitton Declaration [D.E. 6-1].

---

[1] These are the only Florida long-arm statute provisions upon which Plaintiff relies. See Opposition [D.E. 8 at 11-12.

4

Plaintiff appended to his Opposition the Declaration of Larry Klayman ("Klayman Declaration") [D.E. 8-1]. Therein, Plaintiff avers that Stone lives in Florida and that Stone published the allegedly defamatory statement upon which this action is based "at the direction of Defendant Fitton." Id. at 3-4. Plaintiff further avers that "Defendant Fitton published this false statement to Stone, located in Florida at the time, and the false statement was aimed at [Plaintiff] a Florida citizen." Id. at 4.

During the course of the deposition that was limited to personal jurisdiction discovery, Defendant was asked about certain visits to Florida and testified that those visits were undertaken in his capacity as President of Judicial Watch. See Transcript [D.E. 32-1 at 6-11]. Defendant also testified that he does not know Stone and has never talked to him or communicated with him. Id. at 12.

## DISCUSSION

### 1. *Florida's long-arm statute*

Plaintiff argues that Defendant is subject to personal jurisdiction in Florida for the defamation claims asserted in this action on the grounds that Defendant committed the tort of defamation in this State. See Fla. Stat. § 48.193(1)(a)2. In essence, Plaintiff imputes to Defendant the alleged defamatory statement made by Stone. In contrast to Plaintiff's unsubstantiated averments in the Klayman Declaration that attempt to establish such a link, Defendant affirmatively testified at his deposition that he does not know Stone and has never talked to him or communicated with him. Therefore, the assertion of specific personal jurisdiction over Defendant is not proper pursuant to Fla. Stat. § 48.193(1)(a)2.[2]

Plaintiff also cited in his Opposition the general personal jurisdiction provision of Florida's

---

[2] Plaintiff's strained attempts in his Opposition and Supplement to impugn Defendant's statements under oath at his deposition do not change this result.

long-arm statute cited above. This provision permits the exercise of personal jurisdiction over a defendant who caused injury to persons within the state if, at the time of the injury, the defendant was engaged in solicitation or service activities within this state. See Fla. Stat. § 48.193(1)(a)6.a. At his deposition, Defendant testified that the visits to Florida about which he was asked were undertaken in his capacity as President of Judicial Watch.[3] Under Florida law, the "corporate shield" or "fiduciary shield" doctrine precludes "forc[ing] an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993). Defendant further testified that his sole visit to Florida in his personal capacity occurred twenty years ago.[4] Therefore, the assertion of general personal jurisdiction over Defendant is not proper pursuant to Fla. Stat. § 48.193(1)(a)6.a.

### 2. *Minimum contacts*

As discussed above, Defendant's contacts with Florida have been limited to those undertaken in his capacity as President of Judicial Watch and a single personal trip twenty years ago. Therefore, the "minimum contacts" requirement has not been met and the maintenance of this suit against Defendant would offend "traditional notions of fair play and substantial justice." Helicopteros, 466 U.S. at 414; Int'l Shoe Co., 326 U.S. at 316.

---

[3] Defendant's deposition testimony was consistent with the Fitton Declaration, in which he averred that he does not travel to Florida except occasionally to conduct business on behalf of Judicial Watch. See Fitton Declaration [D.E. 6-1].

[4] This testimony was also consistent with the Fitton Declaration [D.E. 6-1].

6

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and the Complaint be DISMISSED for lack of personal jurisdiction.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 11th day of July, 2019.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record