**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-20544-CIV-MARTINEZ/AOR**

LARRY KLAYMAN,

*Pro se* Plaintiff,

v.

THOMAS J. FITTON,

Defendant.

_________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff Larry Klayman's ("Plaintiff" or "Klayman") Motion for Reconsideration of the undersigned's Report and Recommendation (hereafter, "Motion for Reconsideration") [D.E. 51]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 5]. For the reasons set forth below, Plaintiff's Motion for Reconsideration [D.E. 51] is DENIED.

**RELEVANT PROCEDURAL BACKGROUND**

On February 11, 2019, Plaintiff brought this action against Defendant Thomas J. Fitton ("Defendant" or "Fitton") [D.E. 1]. On March 3, 2019, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction (hereafter, "Motion to Dismiss") [D.E. 6]. A hearing on Defendant's Motion to Dismiss was held on May 21, 2019 [D.E. 23]. Thereafter, on July 11, 2019, the undersigned issued a Report and Recommendation recommending that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed for lack of personal jurisdiction [D.E. 50].

On July 22, 2019, Plaintiff filed his Motion for Reconsideration [D.E. 51]. On August 5, 2019, Defendant filed his Opposition to the Motion for Reconsideration (hereafter, "Opposition") [D.E. 52] and on August 6, 2019, Plaintiff filed his Reply to Defendant['s] [] Opposition (hereafter, "Reply") [D.E. 53].

Plaintiff did not file any objections to the Report and Recommendation within the fourteen-day objection period. See Local Magistrate Judge Rule 4(b); Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993) (holding that failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained in a report and recommendation).

## DISCUSSION

A motion for reconsideration should only be granted if there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Wood v. Kelly, 16-CV-81521, 2017 WL 5239497, at *1 (S.D. Fla. Feb. 21, 2017), aff'd, 720 Fed. Appx. 532 (11th Cir. 2017). "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. Jan. 8, 2002). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992).

There is nothing in Plaintiff's Motion for Reconsideration to indicate a change in controlling law, newly discovered evidence, or clear error. See Motion for Reconsideration [D.E. 51].

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [D.E. 51] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of August, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record