UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-20544-CIV-MARTINEZ-OTAZO-REYES

LARRY KLAYMAN,
    Plaintiffs,

vs.

THOMAS J. FITTON,
    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for all pre-trial matters, [ECF No. 5], including Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [ECF No. 6]. After an evidentiary hearing on May 21, 2019, Magistrate Judge Otazo-Reyes permitted Plaintiff to conduct limited jurisdictional discovery in the form of a two-hour deposition of Defendant, [ECF No. 24]. Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R"), [ECF No. 50], recommending that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be granted.

Subsequently, Plaintiff filed a Motion for Reconsideration of the Honorable Alicia M. Otazo-Reyes' Report and Recommendation ("Motion for Reconsideration"), [ECF No. 51], wherein Plaintiff expressly "elect[ed] not to file an objection to the Magistrate Judge's Report and Recommendation...." *See* ECF No. 51 at 3 n.1. Upon Magistrate Judge Otazo-Reyes's denial of Plaintiff's Motion for Reconsideration, [ECF No. 54], Plaintiff thereby took it upon himself to file his objections to the R&R—twenty-six (26) days after the deadline. The report and recommendation expressly stated, "Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein," and "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." *See* ECF No. 50 at 7 (internal quotations and citations omitted). Plaintiff fails to cite to any legal authority to support his—albeit unstated[1]—proposition that filing a motion to reconsider tolls the statutory objections period. Though the Court finds that Plaintiff's objections may properly be disregarded for these reasons, the Court will nonetheless address them as follows.

As Plaintiff concedes, however, Plaintiff's objections merely recite the same issues raised in his Motion for Reconsideration. *See* ECF No. 55 at 2. Specifically, Plaintiff asserts that the corporate shield doctrine does not apply to the instant matter and that Magistrate Judge Otazo-Reyes misapplied the law. *Id.* Instead, Plaintiff proffers that Magistrate Judge Otazo-Reyes should have relied on *Kitroser v. Hurt*, where the Florida Supreme Court stated that the corporate shield doctrine does not apply "where an individual, nonresident defendant commits negligent acts in Florida, whether on behalf of a corporate employer or not." 85 So. 3d 1084, 1090 (Fla. 2012). Magistrate Judge Otazo-Reyes's recommendation falls squarely in line with that holding. *Id.* at 1089 ("[A] nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee."). Plaintiff has failed to show that Defendant committed *any tortious acts*—negligent or intentional— in Florida. As such, Plaintiff has failed to carry his burden. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) ("Under Florida law, the plaintiff bears the burden of proving personal jurisdiction: 'When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'"); *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d

---

[1] In fact, Plaintiff asserts, "Within the fourteen-day time period, Plaintiff now objects...." *See* ECF No. 55 at 2.

1110, 1112 (11th Cir. 1990). For this same reason, the Court rejects Plaintiff's final objection that Magistrate Judge Otazo-Reyes did not "follow[] the proper standard at the motion to dismiss stage." ECF No. 55 at 3. Plaintiff simply relies on broad allegations, controverted by Defendant's affidavits and testimony, and Magistrate Judge Otazo-Reyes's factual findings. This is insufficient to establish that this Court has personal jurisdiction over Defendant Fitton.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDED** that

1. United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 50], is **AFFIRMED and ADOPTED**.

2. Defendant's Motion to Dismiss for Lack of Jurisdiction is **GRANTED**, Plaintiff's Complaint is **DISMISSED**, and this case is **CLOSED**.

DONE and ORDERED in Chambers at Miami, Florida, this 31 day of October 2019.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record
Larry Klayman, *pro se*